985 F.2d 575
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leonardo GOMEZ-GALVEZ, Defendant-Appellant.
 No. 90-50256.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1992.*
Decided Jan. 28, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CR-89-0035-JSL-2, J. Spencer Letts, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The defendant Gomez-Galvez pled guilty to a charge of conspiracy to possess and distribute cocaine in violation of 21 U.S.C. § 846. The district court sentenced Gomez-Galvez to 120 months imprisonment, and the defendant appeals his sentence. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Prior to sentencing, the defendant signed a plea agreement in which he acknowledged that he could receive a maximum sentence of life imprisonment. In this agreement, the government promised to dismiss a Sentencing Enhancing Information, under which Gomez-Galvez would have received a twenty-year sentence. At the sentencing hearing, Gomez-Galvez informed the judge that no one had made any promises to him in connection with his plea.
 
 
 4
 The defendant argues that he received ineffective assistance of counsel because his guilty plea was "obtained by inducement," and that his sentence was too high in light of his minor role in the drug transaction. We find these arguments without merit.
 
 
 5
 The issue of ineffective assistance of counsel is ordinarily raised in habeas proceedings, and can be raised on direct appeal only "where 'the defendant's legal representation was so inadequate as obviously to deny him his sixth amendment right to counsel.' " United States v. Rewald, 889 F.2d 836, 859 (9th Cir.1989) (quoting United States v. Wagner, 834 F.2d 1474, 1482 (9th Cir.1987)), modified, 902 F.2d 18 (9th Cir.), cert. denied, 111 S.Ct. 64 (1990). Gomez-Galvez's legal counsel was not obviously inadequate. The defendant's claim that his sentence was too high is also without merit, since he received the minimum sentence required by statute. See 21 U.S.C. § 841(b)(1)(A) (Supp.1992); 21 U.S.C. § 846 (Supp.1992).
 
 
 6
 Counsel for Gomez-Galvez has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he has found no arguable issues on appeal. Our independent examination of the record likewise has failed to disclose any arguable issues. Accordingly, we grant the motion of Andrew French Loomis to withdraw as counsel of record.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3